UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHUNTWON KEESHUN SIMMONS                              PLAINTIFF

V.                                    CIVIL ACTION NO. 3:22-CV-465-KHJ-MTP

NISSAN                                                DEFENDANT

ORDER

Before the Court is Defendant Nissan's [11] Motion to Dismiss.[1] For the

following reasons, the Court denies Nissan's motion without prejudice.

Simmons filed his pro se Complaint against "Nissan" on August 11, 2022. [1].

The Court allowed him to proceed *in forma pauperis* and ordered him to provide

information on service of process by September 22, 2022. Orders [3], [5]. Days later,

Simmons named his supervisor, Davis Otis, and Vanessa White as agents

authorized to accept service of process for Nissan. [6]. He provided Nissan North

America, Inc.'s address for both individuals. *Id.*

Simmons returned the Summons unexecuted as to Otis because a Nissan

employee told the serving United States Marshal that Otis no longer worked there.

*See* [10]. Simmons returned the Summons executed as to White, but the Marshal

did not serve White. Rather, he served an individual named Eddie Brown, a Project

Manager at Nissan. *See* [9]. Nissan now moves to dismiss Simmons's Complaint,

claiming he failed to effect sufficient process or sufficiently serve process on Nissan

---

[1] Simmons named the sole defendant as "Nissan." The movant-entity's full name is
Nissan North America, Inc.

North America, Inc. Nissan also claims that Simmons fails to state a claim against it. [11].

The Court agrees both process and service of process were deficient. But Simmons should have one more chance to identify the proper parties to serve and to amend his Complaint to cure any deficiencies.[2] Simmons will have 30 days from the date of this Order to amend his Complaint to plead his best case and to provide the Court with the name and address of an appropriate agent or officer in Mississippi to accept process for Nissan North America, Inc.

SO ORDERED, this the 15th day of December, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

---

[2] Without proper service of process, the Court cannot exercise personal jurisdiction over Nissan. Accordingly, the Court declines to rule on Nissan's 12(b)(6) motion for now. *See Daves v. Dallas Cnty.*, 22 F.4th 522, 532 (5th Cir. 2022) (en banc) (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)) (noting courts' duty to resolve jurisdictional questions before deciding merits).